ORIGINAL

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
DEC - 2 2010
CLERK, U.S. DISTRICT COURT
By_____
Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| KEVIN DESHAWN MCGREW,<br>Petitioner,<br><br>v.<br><br>RICK THALER, Director,<br>Texas Department of Criminal Justice,<br>Correctional Institutions Division,<br>Respondent. | §<br>§<br>§<br>§  Civil Action No. 4:10-CV-899-Y<br>§<br>§<br>§<br>§<br>§ |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE
### AND NOTICE AND ORDER

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

#### I. FINDINGS AND CONCLUSIONS

##### A. NATURE OF THE CASE

This is a petition for writ of habeas corpus by a state prisoner under 28 U.S.C. § 2254.

##### B. PARTIES

Petitioner Kevin Deshawn McGrew, TDCJ #654095, is in custody of the Texas Department of Criminal Justice, Correctional Institutions Division, in Beaumont, Texas.

Respondent Rick Thaler is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division. No service has issued on respondent.

## C. Factual and Procedural History

In McGrew's previous federal habeas action, filed in January 2000, this court summarized the procedural history relevant to this case as follows:

> A Tarrant County, Texas grand jury on March 5, 1992, in Case No. 0467776A, indicted McGrew for committing the offense of aggravated robbery with a deadly weapon, to-wit: a knife. On March 13, 1992, McGrew entered a plea of guilty to the offense charged in the indictment. The trial court deferred the proceedings without entering an adjudication of guilt, and placed McGrew on probation for a period of ten years. McGrew subsequently violated certain terms and conditions of his probation, and on October 8, 1992, the state filed a petition to proceed to adjudication. On January 22, 1993, McGrew's probation was revoked, he was found guilty of the charged offense, and he was sentenced to a term of incarceration of fifty years. McGrew did not take a direct appeal from his conviction or sentence.

*McGrew v. Johnson*, No. 4:00-CV-0103-Y (citations to the record and footnotes omitted).

In his previous petition, petitioner challenged the voluntariness of his guilty plea in the 1992 state court proceedings and the constitutionality of the federal statute of limitations under 28 U.S.C. § 2244(d) applicable to state prisoners seeking postconviction federal habeas relief. In the instant petition, petitioner baldly asserts three vague and inadequately briefed grounds for relief:

(1) "Was [he] denied due process of law by denying him equal protection when the trial court reversed other Defendants['] cases when they was [sic] ineligible for court ordered probation?"

(2) "Was [he] denied equal protection of the law when the order revoking his probation was void?"

(3) "Did the trial court deny [him] due process of law when it failed to answer his writ within the established time limits?"

(Pet. at 7)

## D. SUCCESSIVE PETITION

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts and 28 U.S.C. § 2243 both authorize a habeas corpus petition to be summarily dismissed.[1] The Court of Appeals for the Fifth Circuit recognizes the district courts' authority under Rule 4 to examine and dismiss frivolous habeas petitions prior to any answer or other pleading by the state. *Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999). Section 2244(b) requires dismissal of a claim presented in a second or successive petition filed by a state prisoner under § 2254 that was or could have been presented in a prior petition unless–

> (A) the application shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

---

[1] Section 2243, governing applications for writ of habeas corpus, provides:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, *unless it appears from the application that the applicant or person is not entitled thereto.*

28 U.S.C. § 2243 (emphasis added).

Rule 4 of the Rules Governing Section 2254 Cases provides, in relevant part:

> The clerk must promptly forward the petition to a judge under the court's assignment procedure, and the judge must promptly examine it. *If it plainly appears from the petition and any attached exhibits annexed that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.*

Rules Governing Section 2254 Cases, Rule 4 (emphasis added).

28 U.S.C. § 2244(b)(1)-(2). Further, before such a petition is filed in federal district court, the petitioner must move for authorization to file the petition in the appropriate court of appeals. *Id.* § 2244(b)(3).

Having reviewed the court documents in this habeas action and the previous action, which this court is entitled to do, it is clear that petitioner could have raised grounds one and two in his earlier petition. *See Crone v. Cockrell*, 324 F.3d 833, 836-38 (5th Cir. 2003). Thus, this is a successive petition as to those claims, and petitioner has not demonstrated that he has sought and received authorization to file such a petition raising the claims from the Fifth Circuit Court of Appeals. *See* 28 U.S.C. § 2244(b)(1)-(3). This court is, therefore, without jurisdiction to consider the petition as to claims one and two. *See United States v. Orozco-Ramirez*, 211 F.3d 862, 867 (5th Cir. 2000); *Hooker v. Sivley*, 187 F.3d 680, 681-82 (5th Cir. 1999). Petitioner must first seek an order authorizing this court to consider his claims from the Fifth Circuit Court of Appeals. *See* 28 U.S.C. § 2244(b)(3); *In re McGinn*, 213 F.3d 884, 885 (5th Cir. 2000).

### E. STATE HABEAS PROCEEDINGS

Although it is unclear, petitioner's third ground is construed as a challenge to the trial court's failure to determine whether there were controverted, previously unresolved facts material to the legality of his confinement within the time requirement provided in article 11.07, § 3 of the Texas Rules of Criminal Procedure in the state habeas proceedings. TEX. R. CRIM. PROC. ANN. art. 11.07, § 3(c), (d) (Vernon Supp. 2009). Such challenges are not cognizable under 28 U.S.C. § 2254. *See Rudd v. Johnson*, 256 F.3d 317, 319-20 (5th Cir.), *cert. denied*, 534 U.S. 1001 (2001) (citing cases).

## II. RECOMMENDATION

It is recommended that petitioner's grounds one and two be dismissed as successive under 2244(b) and that petitioner's ground three be dismissed because the claim is not cognizable in federal habeas review.

## III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until December 23, 2010. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

## IV. ORDER

Under 28 U.S.C. § 636, it is ordered that each party is granted until December 23, 2010, to serve and file written objections to the United States Magistrate Judge's proposed findings,

conclusions, and recommendation. It is further ordered that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ordered that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED December ___2___, 2010.

JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE