```
           IN THE UNITED STATES DISTRICT COURT
           FOR THE NORTHERN DISTRICT OF TEXAS
                    FORT WORTH DIVISION
```

KEVIN DESHAWN McGREW,           §
                                §
VS.                             §   CIVIL ACTION NO.4:10-CV-899-Y
                                §
RICK THALER,                    §
Director, T.D.C.J.              §
Correctional Institutions Div.  §

### ORDER ADOPTING MAGISTRATE JUDGE'S FINDINGS AND CONCLUSIONS AND ORDER DENYING CERTIFICATE OF APPEALABILITY

In this action brought by petitioner Kevin Deshawn McGrew under 28 U.S.C. § 2254, the Court has made an independent review of the following matters:

1. The pleadings and record;

2. The proposed findings, conclusions, and recommendation of the United States magistrate judge filed on December 2, 2010; and

3. The petitioner's written objections to the proposed findings, conclusions, and recommendation of the United States magistrate judge filed on December 20, 2010.

The Court, after **de novo** review, concludes that the Petitioner's objections must be overruled,[1] and that the first two grounds for relief in the petition under § 2254 challenging his 1993 conviction in case number 0467776A, are dismissed as successive grounds filed without the permission of the United States Court of Appeals for the Fifth Circuit as required by 28 U.S.C.

---

[1] In his written objections, Petitioner argues that he has completed exhaustion of his claims. But that point is not relevant to the magistrate judge's finding that his claim that the state trial court denied him due process of law in the resolution of his state application in not cognizable. Such a claim is a challenge to a proceeding collateral to the state conviction, and not a challenge to the conviction itself. "A long line of cases from [the Fifth] circuit dictates that 'infirmities in state habeas proceedings do not constitute grounds for relief in federal court.'" *Rudd v. Johnson,* 256 F.2d 317, 319-20 (5th Cir.)(rejecting a § 2254 petitioner's claims that he was denied due process of law by the state trial court's failure to provide him access to the State's case file during review of his state application for writ of habeas corpus), *cert. den'd,* 534 U.S. (2001)(citations omitted). Thus, McGrew's objections are overruled.

§2244(b)(1), and the third ground for relief, that the state trial court denied him due process of law when it failed to timely respond to his state application for writ of habeas corpus, is denied, for the reasons stated in the magistrate judge's findings and conclusions.

Therefore, the findings, conclusions and recommendation of the magistrate judge are ADOPTED.

*Certificate of Appealability*

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability (COA) is issued under 28 U.S.C. § 2253.[2] Rule 11 of the Rules Governing Section 2254 Proceedings now requires that the Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."[3] The COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."[4] A petitioner satisfies this standard by showing "that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists of reason could conclude the issues presented are adequate to deserve encouragement to proceed further."[5]

Upon review and consideration of the record in the above-

---

[2] *See* Fed. R. App. P. 22(b).

[3] RULES GOVERNING SECTION 2254 PROCEEDINGS IN THE UNITED STATES DISTRICT COURTS, RULE 11(a) (December 1, 2009).

[4] 28 U.S.C.A. § 2253(c)(2)(West 2006).

[5] *Miller-El v. Cockrell,* 537 U.S. 322, 326 (2003), *citing Slack v. McDaniel,* 529 U.S. 473, 484 (2000).

2

referenced case as to whether petitioner McGrew has made a showing that reasonable jurists would question this Court's rulings, the Court determines he has not and that a certificate of appealability should not issue for the reasons stated in the December 2, 2010, Findings, Conclusions, and Recommendation of the United States Magistrate Judge.[6]

Therefore, a certificate of appealability should not issue.

SIGNED December 28, 2010.

_____
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE

---

[6] *See* Fed. R. App. P. 22(b); *see also* 28 U.S.C.A. § 2253(c)(2)(West 2006).